AO 91 (Rev. 11/11)  Criminal Complaint

**FILED**

# UNITED STATES DISTRICT COURT
for the
Eastern District of North Carolina

NOV 26 2025

PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

| | |
|---|---|
| United States of America<br>v.<br>Blake Aaron Govea | Case No. 5:25-MJ-2512-BM |

*Defendant(s)*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **November 22, 2025** in the county of **Harnett** in the **Eastern** District of **North Carolina**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 18, U.S.C § 115(a)(1)(A) | The defendant, did threaten to assault and murder S.T., a member of the immediate family of a United States Senator, with intent to retaliate against the United States Senator on account of the performance of his official duties. |

This criminal complaint is based on these facts:

See Attached Affidavit

☑ Continued on the attached sheet.

*Complainant's signature*

Pete Mines, Special Agent, FBI
*Printed name and title*

On this 26th day of November 2025, at or around **3:20** AM/**PM** Special Agent Pete Mines appeared before me via reliable electronic means (telephone), was placed under oath, and attested to the contents of this Criminal Complaint.

Date: November 26, 2025

*Judge's signature*

City and state: Raleigh, North Carolina

Brian S. Meyers, United States Magistrate Judge
*Printed name and title*

LWL

# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF NORTH CAROLINA

## AFFIDAVIT IN SUPPORT OF A
## CRIMINAL COMPLAINT AND ARREST WARRANT

I, Special Agent Pete Mines, being duly sworn, depose and state that:

### INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent with the Federal Bureau of Investigation (FBI), currently assigned to the Charlotte Division, Raleigh Resident Agency, Safe Streets Task Force (SSTF). As a Special Agent with the FBI, I am a "federal law enforcement officer" within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C), and I am authorized to investigate violations of federal laws and request and execute search and arrest warrants issued under the authority of the United States. I am an investigative or law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7). That is, I am an officer of the United States who is empowered by law to conduct investigations of, and make arrests for, violations of federal law, including the offenses enumerated in chapter 7 of Title 18, United States Code.

2. I am a sworn law enforcement officer and have been so for approximately nine (9) years. Currently, I am employed by the FBI and assigned to the Raleigh Resident Agency's SSTF. Prior to this assignment, I was employed as a Special Agent for the Air Force Office of Special Investigations assigned to Seymour-Johnson Air Force Base, North Carolina. During my time as a law enforcement officer, I have drafted or assisted in drafting arrest and search warrants that have been presented to, and signed by, federal magistrate judges. Also, I have conducted and assisted in

numerous criminal investigations to include kidnapping, drugs, gangs, bank robberies, firearms violations, fugitives, public corruption, financial crimes, human trafficking, threats, and terrorism.

3. I make this affidavit in support of a criminal complaint and arrest warrant for **BLAKE AARON GOVEA** (hereinafter "**SUBJECT**"). Based on the information detailed below, I submit that there is probable cause to believe that, on or about November 22, 2025, in the Eastern District of North Carolina, **SUBJECT** committed the crime of ~~Influencing~~ Retaliating Against a Federal Official by Threatening a Family Member in violation of Title 18, United States Code Section 115(a)(1)(A).

*Edit made at direction of Affiant. BSM 11/26/2025*

4. The facts and information contained in this affidavit are based upon my training and experience, personal knowledge, and observations during this investigation, as well as the observations of other agents and investigators involved in this investigation. This affidavit contains only the information necessary to support probable cause, and it is not intended to include each and every fact and matter observed by me or known to the government.

## APPLICABLE STATUTE

5. Under Title 18, United States Code Section 115(a)(1)(A), it is a crime to threaten to assault, kidnap, or murder a member of the immediate family of a United States official with either the intent to impede, intimidate, or interfere with such official while engaged in the performance of official duties or with intent to retaliate against such official on account of the performance of official duties. "United States official" means the President, President-elect, Vice President, Vice President-elect, a

2

LWL    Case 5:25-mj-02512-BM   Document 1   Filed 11/26/25   Page 3 of 10

Member of Congress, a member-elect of Congress, a member of the executive branch who is the head of a department or the Director of the Central Intelligence Agency. 18 U.S.C. §115(c)(4). An individual is an "immediate family member" of a United States official if they are their spouse, parent, brother, sister, child, person to whom the official stands in loco parentis, or any other person living in their household and related to him by blood or marriage. 18 U.S.C. §115(c)(2). A threat to murder or kidnap in violation of this section carries a maximum term of imprisonment of not more than 10 years.

## PROBABLE CAUSE

6. On November 24, 2025, the United States Capitol Police (USCP) contacted the FBI regarding a threatening phone call made to **S.T.'s** personal cell phone, assigned number XXX-XXX-2889. **S.T.** is the wife of a current United States Senator ("**U.S. Senator**").

7. USCP relayed they were contacted by the staff of **U.S. Senator** who disclosed the following:

   a. On November 22, 2025, at approximately 10:54AM, **S.T.** received a phone call from an unknown male using an unknown telephone number while at her residence in Huntersville, NC. The call lasted for approximately 13 seconds. During that time, the caller used explicit language and stated, in effect, that **S.T.** needed to die and the caller was going to kill her. The caller also made a reference to Medicaid before ending the call.

3

b. After the call ended, the Huntersville Police Department was contacted and responded to the scene. **S.T.** was afraid and shaken after the call concluded. Law enforcement conducted enhanced patrols of the **S.T.'s** residence following the call.

c. **U.S. Senator's** staff also disclosed in May 2025, **SUBJECT** left voice messages and sent emails to ~~his~~ the office of **U.S. Senator**. In addition, **SUBJECT** called the personal cellular telephone of one of **U.S. Senator's** staff members.

[handwritten margin note: Edits made at direction of AUSA ants.]

8. ~~That same day,~~ USCP submitted an emergency disclosure request to Verizon Wireless, the service provider to **S.T.'s** cellular telephone. Verizon Wireless confirmed **S.T.'s** cellular telephone received a call on November 22, 2025, at 10:54AM. According to phone records, the call came from the number 954-907-2796. An open-source check of that number identified the service provider as T-Mobile. USCP submitted an emergency disclosure request to T-Mobile regarding the number. T-Mobile identified the subscriber for the number as **Holly BREWER (BREWER),** home address 79 Country Meadow Lane, Coats, North Carolina (NC). **SUBJECT** is **BREWER'S** son. T-Mobile also revealed the number was active since 2013 and the Mobile Station International Subscriber Directory Number (MSISDN) name for the number is **SUBJECT's** name.

[handwritten margin note: BSM 11/26/2025]

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

9. T-Mobile further provided location data placing the phone being in Coats, NC. T-Mobile records indicate **SUJBECT's** phone dialed *67-704-896-8283 at 10:52AM on ~~October~~ November 22, 2025, and the call duration lasted for 146 seconds. The "*67" feature utilized before dialing an active line allows callers to display their number as private or unknown to the device they are contacting. This feature, though, does not prevent that number from being recorded in the receiver's call records. The call records also indicate **SUBJECT** dialed the same number on ~~October~~ November 23, 2025, at 2:09AM with a call duration of 22 seconds.

Edits made at direction of Affiant.
BSM
11/26/2025

10. Subsequent checks by the FBI Charlotte Field Office, Raleigh-Durham Safe Streets Task Force (SSTF), determined the telephone number 704-896-8283 is assigned to Allen Tate Real Estate company. Open-source searches of **S.T.** and Allen Tate Real Estate reveal **S.T.** is a "realtor/broker in charge" at Allen Tate Real Estate. **S.T.'s** listed contact number on Allen Tate Real Estate's website is 704-896-8283. If callers dial 704-896-8283, and the phone is not answered by an employee, a caller is given an option to be forwarded to realtors based on a company directory. The company directory allows individuals to search by a realtor's name. When a caller requests to be connected to **S.T.**, the call is forwarded to **S.T.** personal cellular telephone.

11. On November 25, 2025, this incident was assigned to the FBI SSTF. Investigators from SSTF and the Harnett County Sheriff's Office (HCSO) responded to 79 County Meadow Lane, Coats, NC and conducted a consensual interview of **SUBJECT. SUBJECT** informed investigators that his telephone number was 954-

5

907-2796. Also, **SUBJECT** stated he was the sole user of this cellular telephone and the phone was protected from other individuals utilizing it by a pin code.

12. **SUBJECT** expressed to investigators his frustration with being removed from Medicaid due to his multiple physical and mental illnesses. **SUBJECT** informed investigators he was suffering from Stage Four (4) cancer and multiple mental health issues, including Post Traumatic Stress Syndrome (PTSD), Attention deficit hyperactivity disorder (ADHD), bipolar disorder, depression, and autism. **SUBJECT** said he could not receive treatment for his mental health concerns due to a lack of funds after he was removed from Medicaid. Although **SUBJECT** could not afford medication for his mental health disorders, **SUBJECT** stated he regularly took prescribed opioids and Benzodiazepine, which **SUBJECT** described as a hypnotic medication, to treat his cancer.

13. **SUBJECT** could not say for certain who he may have called on November 22, 2025. **SUBJECT** denied calling **S.T.**, though did state he had previously contacted other appointed or political figures to express his frustrations. **SUBJECT** stated he has never threatened anyone. **SUBJECT** owned a firearm which he kept in his room. **SUBJECT** declined to allow investigators to search his cellular telephone and advised investigators his phone was located inside of his car. **SUBJECT** asked if he was required to continue answering questions, to which investigators advised he could stop answering questions at anytime and the interview was consensual. **SUBJECT** elected to cease answering questions and the interview was terminated.

6

14. Investigators conducted subsequent interviews of **BREWER** and **SUBJECT's** other family members. **BREWER** informed investigators **SUBJECT** was bi-polar and had cancer. In addition, **SUBJECT** once was sexually assaulted by his cousin and **BREWER** believed this may have contributed to his anti-social behavior. **BREWER** did not feel comfortable with **SUBJECT** owning a firearm and had asked him to dispose of it on serval occasions. **BREWER** informed investigators **SUBJECT** was the only person with access to his phone or the firearm.

15. **SUBJECT's** brother, **Ryan GOVEA (R. GOVEA)**, expressed he was unsurprised that **SUBJECT** would make a threatening call to a politician or politician's spouse. **R. GOVEA** opined **SUBJECT** had anger management issues in addition to other mental health concerns. **SUBJECT** spent most days isolated in his room playing virtual reality games. **SUBJECT** regularly listened to the social media influencer Hasan Piker, who **R. GOVEA** considered to have a "far-left" political ideology. **R. GOVEA** confirmed 954-907-2796 was **SUBJECT's** telephone number and he was the sole user of that phone. **SUBJECT's** step father, **DALLAS WETHERINGTON (WETHERINGTON),** also expressed he was unsurprised by **SUBJECT** threatening to kill a politician's spouse to the behavior **SUBJECT** regularly displayed around the household.

16. Following the interviews, **BREWER** petitioned to a Harnett County Magistrate to have **SUBJECT** involuntary committed (IVC) for mental evaluation. An IVC order was approved and **SUBJECT** was escorted by members of the HCSO to Cape Fear Valley Central Harnett Hospital for a mental health evaluation.

7

Following **SUBJECT's** departure from the residence, **BREWER** gave permission for law enforcement to remove the **SUBJECT's** firearm from the house for safekeeping. HCSO removed the firearm from **SUBJECT's** room. During the course of removing the firearm, investigators saw **SUBJECT's** cellular telephone laying on his bed. Investigators dialed the number assigned to **SUBJECT's** phone, 954-907-2796, and the phone on **SUBJECT's** bed rang. Members of the FBI SSTF seized the phone at the direction of the United States Attorney's Office (USAO), Eastern District of North Carolina (EDNC) and are in the process of applying for a warrant to search the contents of the phone.

## CONCLUSION

17. Based on the facts set forth in this affidavit, I submit that there is probable cause to believe that **SUBJECT, BLAKE AARON GOVEA**, committed the crime of ~~Influencing~~ Retaliating Against a Federal Official by Threatening a Family Member, in violation of 18 U.S.C. § 115(a)(1)(A). Accordingly, I respectfully request this Court issue a warrant ordering his arrest for that crime.

*Edit made at direction of Affiant*
*BSM 11/26/2025*

## REQUEST FOR SEALING

18. I further request that the Court order that all papers in support of this application, including the affidavit and arrest warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may give targets an opportunity to flee/continue flight from prosecution, destroy or tamper

8

LWL

with evidence, change patterns of behavior, notify confederates, or otherwise seriously jeopardize the investigation.

I declare under penalty of perjury under the laws of the United States the foregoing is true and correct.

Respectfully Submitted,

/s/ P. Mi———

PETE MINES
Special Agent
Federal Bureau of Investigation

On this 26th day of November 2025, at or around 3:20 AM/(PM), Special Agent Pete Mines appeared before me via reliable electronic means (telephone), was placed under oath, and attested to the contents of this Affidavit.

/s/

BRIAN S. MEYERS
United States Magistrate Judge

9

LWL